IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN ESPINOZA and MEGAN ESPINOZA,<br>    Plaintiffs,<br><br>v.<br><br>HERC RENTALS, INC.,<br>ABC CORPORATION 1, and JOHN DOE,<br>    Defendants.<br><br>HERC RENTALS, INC.,<br>    Third-Party Plaintiff,<br><br>v.<br><br>EYE PRODUCTIONS, INC.,<br>    Third-Party Defendant. | Civil Action No.<br>1:19-cv-00958-SDG |

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Amend the Complaint [ECF 26] and Third-Party Defendant Eye Productions, Inc.'s Partial Motion to Dismiss [ECF 17]. For the reasons stated below, Plaintiffs' motion is **DENIED** and Eye Productions' motion is **GRANTED**.

**I.     BACKGROUND**

The following facts are accepted as true for purpose of this Order.[1] Plaintiffs allege that, on July 7, 2017, Juan Espinoza suffered severe personal injuries resulting from a defective electric boom lift that Espinoza used as part of his job at Eagle Rock Studios Atlanta.[2] Plaintiffs filed this products liability suit on January 10, 2019 in the State Court of Gwinnett County.[3] They asserted five causes of action against Herc Rentals Inc. and JLG Industries, Inc., as well as two fictious defendants: "John Doe" and "ABC Corporation 1."[4] The Complaint asserts claims for strict liability, negligence, and breach of warranty, as well as damages.[5]

On February 27, 2019, Defendants removed the case to this Court.[6] Plaintiffs did not contest the removal. On March 15, 2019, Herc filed a Third-Party Complaint against Eye Productions, alleging three causes of action: contractual

---

[1] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

[2] ECF 1-1, at ¶¶ 7, 11.

[3] *Id.*

[4] *Id.* at ¶¶ 3–10.

[5] *Id.* at ¶¶ 26–49.

[6] *Id.*

and common law indemnification, contractual and common law contribution, and breach of contract.[7] On April 12, 2019, Eye Productions filed a Partial Motion to Dismiss Herc's common law claims for indemnification (Count I) and contribution (Count II).[8] Herc responded on April 26, 2019.[9] Eye Productions replied on May 10, 2019.[10]

On April 30, 2019, Plaintiffs filed their Motion for Leave to Amend the Complaint to substitute the "John Doe" defendant with Jess Forrester, the manager of the Herc rental store who leased the allegedly defective lift to Eye Productions.[11] Herc and JLG filed their responses in opposition to the motion to amend on May 10 and May 14, respectively.[12] On May 30, 2019, Plaintiffs filed a reply in support of their motion.[13]

---

[7]   ECF 4, at 5–10.

[8]   ECF 17.

[9]   ECF 23.

[10]  ECF 29.

[11]  ECF 26.

[12]  ECF 28; ECF 30. On December 18, 2019, Plaintiffs filed a stipulated dismissal with prejudice of their claims against JLG [ECF 62]. However, during a December 12, 2019 teleconference call, the Court granted Herc's oral motion to adopt and incorporate JLG's response brief into its own [ECF 60]. As such, the Court will consider both filings in opposition to Plaintiffs' motion for leave.

[13]  ECF 33.

## II.     PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiffs premise their proposed amendment on Federal Rule of Civil Procedure 15, which provides that "[t]he court should freely give leave [to amend] when justice so requires," and Federal Rule of Civil Procedure 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."[14] Plaintiffs state that they named a fictious defendant at the outset of the case for the purpose of later substituting it with the manager of Herc's Gwinnett location.[15] Plaintiffs contend they only recently learned, through the discovery process, that this manager was Forrester.[16] Herc opposes the proposed amendment and maintains that Plaintiffs' primary purpose in joining Forrester, whom the parties agree is a citizen of the State of Georgia, is to defeat federal subject-matter jurisdiction by making the opposing parties' citizenship non-diverse.[17]

---

[14]   ECF 26, at 2.

[15]   ECF 26, at 2.

[16]   ECF 26, at 2–3.

[17]   Here, jurisdiciton is based upon diversity of citizenship under 28 U.S.C. § 1332. It is undisputed that Plaintiffs and Forrester are Georgia citizens. Thus, permitting Plaintiffs to substitute Forrester would require a remand to the State Court of Gwinnett County. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

### a.   Legal Standard

Since Plaintiffs filed their motion to amend after Defendants timely removed the case, and the proposed amendment would eliminate the Court's jurisdiction over the matter, the Court must apply 28 U.S.C. § 1447(e). This subsection provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* *See also Ingram v. CSX Transp.*, 146 F.3d 858, 862 (11th Cir. 1998) ("Because section 1447(e) was applicable here, the district court was left with only two options: (1) deny joinder; or (2) permit joinder and remand Ingram's case to state court."); *Smith v. White Consol. Indus.*, 229 F. Supp. 2d 1275, 1278 (N.D. Ala. 2002) ("What the court cannot do [under § 1447(e)] is allow an amendment that destroys federal jurisdiction and exercise jurisdiction over the case.").

"Courts have regularly held that the liberal amendment standard in Rule 15 must yield to the more specific rule governing joinder after removal in Section 1447(e)." *Liberacki v. Kroger Co.*, No. 1:13-cv-00059-JCF, 2013 WL 12061882, at *2 (N.D. Ga. Apr. 18, 2013). *See also Ascension Enters., Inc. v. Allied Signal*, Inc., 969 F. Supp. 359, 360 (M.D. La. 1997) ("Thus, § 1447(e) trumps Rule 15(a)"). The Court must "scrutinize more closely an amended pleading that would name a new

nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum." *Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018). *See also Reyes v. BJ's Rest., Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019).

Ultimately, "the decision to join a non-diverse party is within the discretion of the court." *Johnson v. Lincoln Harris, LLC*, No. 1:15-cv-3979-WSD, 2016 WL 2733425, at *2 (N.D. Ga. May 10, 2016). *See also* 14C Charles A. Wright et al. , Federal Practice and Procedure § 3739.1 (rev. 4th ed. 2018) ("Thus, the statute, as amended, leaves the joinder issue to the discretion of the district court."). However, the Court's discretion "does not imply that § 1447(e) amendments should be granted as a matter of course." *Sexton v. Progressive Preferred Ins. Co.*, No. 4:09-cv-0102-HLM, 2009 WL 10664783, at *2 (N.D. Ga. July 28, 2009). The Eleventh Circuit has adopted a four-factor balancing test articulated by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). Under this balancing test, the Court should weigh:

> (1) the plaintiff's motive for seeking joinder; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if amendment is not

>           allowed; and (4) any other relevant equitable
>           considerations.

*Reyes*, 774 F. App'x at 517. *See also Dever*, 755 F. App'x at 869.[18]

### *i.* **Plaintiffs' Motive for Seeking Joinder**

Plaintiffs' motivation for seeking joinder seems primarily, if not solely, based on defeating federal diversity jurisdiction. This is evidenced by the proposed amendment itself, which is devoid of any specific factual allegations concerning Forrester's conduct or connection to the underlying dispute. In fact, Plaintiffs make only one passing reference to Forrester's alleged conduct in the proposed Amended Complaint.[19] They allege Forrester "was responsible for leasing, inspecting, maintaining, repairing, and/or controlling the Lift" and "owed a duty of care to keep the Lift reasonably safe for Plaintiff."[20] Forester's name does not afterwards appear elsewhere in the proposed Amended Complaint, nor do Plaintiffs allege Forrester did, or failed to do, a single act. Instead, Plaintiffs merely lump Forrester in with Herc and JLG as "Defendants." This is insufficient under even the most liberal view of the federal pleading

---

[18] Under Eleventh Circuit Rule 36-2, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."

[19] ECF 26-1, at ¶ 10.

[20] *Id.*

standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal citations omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . [t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.").

Thus, the first factor weighs against permitting amendment.

### ii. The Timeliness of Plaintiffs' Request to Amend

Plaintiffs' delay in seeking to join Forrester as a defendant also weighs against their motion to amend. Plaintiffs learned by at least June 21, 2018—when they received a copy of the sales contract between Herc and Eye Productions— that Forrester was the Herc employee who coordinated the rental of the subject equipment.[21] This was more than six months before Plaintiffs initiated this case in the state court.[22] Despite this, Plaintiffs did not take steps to name Forrester as a defendant until well after the case had been removed to this Court.

---

[21] ECF 28-1, at 6.

[22] ECF 30, at 8.

Plaintiffs argue that their inclusion of the "John Doe" defendant in their Complaint effectively preserved their ability to liberally amend the Complaint to substitute a named party at a time thereafter. They argue that the sales contract between Herc and Eye Productions named Forrester as a "sales coordinator" rather than a "manager," and this, they claim, did not sufficiently place Plaintiffs on notice of Forrester's potential liability to name him in the original Complaint. Plaintiffs' focus on Forrester's job title rather than his actual role in the alleged injury is unpersuasive. If Plaintiffs truly believed that Forrester should be held responsible for the alleged injuries to Plaintiff Juan Espinoza, then Forrester should have been named as a defendant regardless of his Herc job title.

Moreover, inclusion of a "John Doe" defendant in their original Complaint does not immunize Plaintiffs from § 1447(e) scrutiny. *Dunigan v. Countrywide Home Loans, Inc.*, No. 1:08-cv-3735-CC, 2009 WL 10698799, at *3 (N.D. Ga. Sept. 10, 2009) ("Although § 1447(e) mentions joinder specifically, the statute has been held to apply when a plaintiff seeks to amend a complaint to replace 'John Doe' defendants with defendants identified by name. . . . As the statute implies, a plaintiff does not have an absolute right to join a party.") (*citing Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001); *Casas Office Machs., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 673–75 (1st Cir. 1994)).

Plaintiffs waited over 10 months to add the non-diverse defendant. Even after removal, Plaintiffs waited over two months to request leave to amend. This dilatory conduct further weighs against permitting amendment. *See e.g., Dunham v. Heartland Express, Inc. of Iowa*, No. 1:15-cv-1488-SCJ, 2015 WL 13753283, at *3 (N.D. Ga. Nov. 25, 2015) ("Although the amended complaint was filed within two months of the filing of the original complaint, Plaintiff could have included Riha as a defendant in the original complaint. Again, he provides no explanation for his nearly two month delay before making the decision to add Riha as a party."); *Schneider v. KIR Augusta 1044, LLC*, No. CV 112-055, 2012 WL 12926068, at *4 (S.D. Ga. Nov. 28, 2012) (denying plaintiff's motion to add non-diverse party as untimely because the motion "comes roughly two months after removal, eleven months after the filing of his complaint in state court, and more than a year after the events alleged in the complaint"); *D.N. ex rel. Epps v. Dreamland Amusements, Inc.*, No. CV 111-014, 2011 WL 2269411, at *2 (S.D. Ga. Apr. 20, 2011), *report and recommendation adopted*, 2011 WL 2259768 (June 7, 2011) (finding that request to add parties approximately two months after removal, ten months after filing complaint in state court, and more than four years after events alleged in complaint to be dilatory).

Thus, the second factor also weighs against permitting amendment.

### *iii.* **Whether Plaintiffs Will Be Significantly Injured If Amendment Is Not Permitted**

Plaintiffs argue they will be prejudiced if Forrester is not joined because: (1) it "may well result in parallel federal/state actions which can result in inconsistent verdicts;" and (2) "it unnecessarily opens the door to Defendants [sic] ability to seek apportion[ment of] damages against Forrester."[23] Courts in this circuit have routinely rejected Plaintiffs' first proffered injury under substantially identical circumstances. *See e.g.*, *Williamson v. Dillard's Inc.*, No. 1:14-cv-01794-MHS-JFK, 2014 WL 12318792, at *5 (N.D. Ga. Aug. 25, 2014) (collecting cases).

Plaintiffs' second argument is likewise unpersuasive. Defendants' ability to seek apportioned damages has no effect on Plaintiffs—let alone cause them any prejudice. Plaintiffs have not suggested they will be unable to obtain a judgment or complete relief from either Herc or JLG without the joinder of Forrester. In fact, the sole allegation against Forrester is in his capacity as Herc's agent.[24] If Forrester did act wrongfully, there is no indication that Herc cannot fully compensate Plaintiffs' alleged loss. *Williamson*, 2014 WL 12318792, at *5 (denying motion to add agent of defendant as a party because plaintiff could seek recovery from named

---

[23]   ECF 33, at 5–6.

[24]   ECF 1-1, at ¶ 10.

defendant under theory of vicarious liability). There are also no allegations that Forrester will be able to satisfy any judgment that either Herc or JLG could not. Courts have declined to permit amendment in similar circumstances. *See e.g., Schneider*, 2012 WL 12926068, at *4; *Smith*, 229 F. Supp. 2d at 1282 ("Plaintiff has not shown that he would be unable to fully recover against the remaining defendants without Greene's presence.").

Thus, the third factor weighs against permitting amendment.

### iv. Other Relevant Equitable Considerations

Courts in this circuit have stated that "[i]n balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." *Smith*, 229 F. Supp. 2d at 1282 (*citing Hensgens*, 833 F.2d at 1181). In *Smith*, the court stated:

> Diversity jurisdiction and the right of removal exist to give non-resident defendants the right to litigate in an unbiased form. Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist.

*Id*. Here, this policy also favors Herc, since granting Plaintiffs' motion to amend would deprive Herc of its right to litigate in a federal forum that was properly available to it when the case was removed. Thus, the interests of the diverse defendant in its choice to remove to a federal forum weighs against permitting amendment.

Considering all the above factors, the Court finds that the equities weigh against permitting amendment, which would destroy the Court's diversity jurisdiction. Accordingly, Plaintiffs' motion to amend the Complaint to add Forrester is **DENIED**.

### III.  EYE PRODUCTIONS' PARTIAL MOTION TO DISMISS

Eye Productions requests dismissal of Herc's common law claims for contribution (Count I) and indemnity (Count II) in the Third-Party Complaint.[25] Eye Productions argues Herc's common law contribution claim is not viable because it is no longer recognized as a theory of recovery in Georgia.[26] Eye Productions argues Herc's common law indemnity claim is likewise subject to

---

[25]  ECF 17. Eye Productions does not request dismissal of Herc's contractual indemnity claims in Counts II and III.

[26]  ECF 17, at 4–5.

dismissal because Herc has not pled sufficient facts as required by the Federal Rules of Civil Procedure.[27]

### a. Legal Standard

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th 2010) (*quoting Twombly*, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (*citing Twombly*, 550 U.S. at 556). "A complaint does not state a facially plausible claim for relief if it shows only a sheer possibility that the defendant acted unlawfully." *Waters Edge Living, LLC v. RSUI Indem. Co.*, 355 F. App'x 318, 322 (11th Cir. 2009). A complaint must also present sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of the claim." *Am. Dental*, 605 F.3d at 1289 (*quoting Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true,

---

[27] ECF 17, at 5–7.

and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (*quoting Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). However, this principle does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

### b. Herc's Common Law Contribution Claim (Count I) Is Not Viable Under Georgia Law.

Georgia's apportionment statute, O.C.G.A. § 15-12-33, states:

> Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, *and shall not be subject to any right of contribution.*

(emphasis added). The Georgia Supreme Court has held that, barring exception, this statute "flatly" bars any right to contribution. *McReynolds v. Krebs*, 725 S.E.2d 584, 587 (Ga. 2012). *See also Burton v. City of Adairsville*, No. 4:14-cv-0099-HLM, 2014 WL 12543885, at *5 (N.D. Ga. Sept. 22, 2014) ("Georgia law has abrogated . . . contribution . . . [t]he Court therefore concludes that no right of contribution exists under Georgia law. Defendants' third-party claim for contribution consequently fails as a matter of law."); *Dist. Owners Ass'n, Inc. v. AMEC Envtl. & Infrastructure, Inc.*, 322 Ga. App. 713, 715 (2013).

Nonetheless, Herc points to the Georgia Supreme Court's recent decision in *Fed. Deposit Ins. Corp. v. Loudermilk*, 826 S.E.2d 116 (Ga. 2019), and O.C.G.A. § 15-12-32, for the proposition that "the right of contribution between joint tortfeasors has not been completely abolished by the legislature's enactment of O.C.G.A. § 51-12-33(b)."[28] O.C.G.A. § 15-12-32 states:

> Except as provided in Code Section 51-12-33, where a tortious act does not involve moral turpitude, contribution *among several trespassers* may be enforced just as if an action had been brought against them jointly. Without the necessity of being charged by action or judgment, the right of a *joint trespasser* to contribution from another or others shall continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property or for wrongful death and release therefrom.

(emphasis added). In *Loudermilk*, the Georgia Supreme Court interpreted both Sections 32 and 33 and held:

> We further conclude that OCGA § 51-12-33 did not abrogate Georgia's common-law rule imposing joint and several liability on *tortfeasors who act in concert* insofar as a claim of concerted action invokes the narrow and traditional common-law doctrine of concerted action based on a legal theory of mutual agency and thus imputed fault.

826 S.E.2d 116, 119 (Ga. 2019) (emphasis added).

---

[28]   ECF 23, at 3 (*quoting Zurich Am. Ins. Co. v. Heard*, 321 Ga. App. 325, 330 (2013)).

Thus, while Herc is correct that contribution may be a viable remedy in some cases, a plain reading of O.C.G.A. § 15-12-32 and *Loudermilk* makes clear it is *only* available in cases involving *joint tortfeasors*. The Court is prohibited from interpreting the statute or case law in any contradictory fashion. *Six Flags Over Georgia II v. Kull*, 276 Ga. 210, 210, 211 (2003) ("Where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden.").[29] Herc fails to allege any facts indicating that it and Eye Productions were acting in concert or as joint tortfeasors. This is fatal to Herc's claim. *Weller v. Brown*, 464 S.E.2d 805, 806 (Ga. 1996) ("[C]ontribution will not lie in the absence of joint or joint and several liability."). Therefore, Herc's common law contribution claim (Count I) is dismissed with prejudice.

### c. Herc Failed to Properly Plead Its Common Law Indemnity Claim (Portion of Count II).

"Georgia law defines indemnity as the obligation or duty resting on one person to make good any loss or damage another has incurred by acting at his

---

[29] This Court is also bound by Georgia's interpretation of its own laws: "In determining the law of the state, federal courts must follow the decisions of the state's highest court, and in the absence of such decisions on an issue, must adhere to the decisions of the state's intermediate appellate courts unless there is some persuasive indication that the state's highest court would decide the issue otherwise." *Flintkote Co. v. Dravo Corp.*, 678 F.2d 942, 945 (11th Cir. 1982).

request or for his benefit." *Douglas Asphalt Co. v. Ga. Dep't of Transp.*, 319 Ga. App. 47, 49 (2012). Georgia law recognizes "two broad categories of indemnity: as created by contract, as between a surety and a debtor; and under the common law of vicarious liability, as between principals and agents." *Dist. Owners Ass'n, Inc.*, 322 Ga. App. at 715. The second category, colloquially known as common law indemnity, is available only if "a person is compelled to pay damages because of negligence *imputed to* him as the result of a tort committed by another." *City of Atl. v. Benator*, 310 Ga. App. 597, 608–09 (2011). Put another way, sufficient factual allegations of imputed or vicarious liability are required to state a claim for common law indemnity. *See e.g., Dist. Owners Ass'n, Inc.*, 322 Ga. App. at 716 (affirming trial court's holding that "[b]ecause DOA has made no allegations of imputed or vicarious liability, it has failed to show that it is entitled to common law indemnity"); *Benator*, 310 Ga. App. at 609 ("Because no allegations of imputed negligence or vicarious liability have been made in this case, common law indemnity principles do not apply, and the appellants' obligations to indemnify are governed by contract.") (internal citations omitted).

Herc's common law indemnity claim cannot survive Eye Productions' motion to dismiss because the Third-Party Complaint is devoid of any factual allegations that Herc is vicariously liable for Eye Productions' actions. Herc's only

reference to imputed liability is that "Herc Rentals is wholly without fault and may be liable to the Plaintiff only because it is potentially vicariously, constructively, derivatively, or technically liable for the wrongful acts of the Eye Productions and/or its employees and its agents."[30] This is insufficient to state a claim, as Herc does not allege any specific facts supporting its allegations and the Court is not required to construe legal conclusions as true. *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Feldman v. Am. Dawn, Inc.*, 849 F.3d 1333, 1339–40 (11th Cir. 2017) ("A plaintiff must plausibly allege all the elements of the claim for relief. Conclusory allegations and legal conclusions are not sufficient; the plaintiffs must state a claim to relief that is plausible on its face.") (internal citations omitted). Therefore, Herc's common law indemnity claim, which is part of Count II, is dismissed without prejudice.

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Leave to Amend the Complaint [ECF 26] is **DENIED** and Eye Productions' Partial Motion to Dismiss

---

[30]   ECF 4, at ¶ 19.

[ECF 17] is **GRANTED**. Count I and the common law indemnity claim of Count II of Herc's Third-Party Complaint [ECF] are **DISMISSED**.

**SO ORDERED** this the 14th day of January 2020.

                                                Steven D. Grimberg
                              United States District Court Judge